OPINION
Plaintiff-appellant Philip Payne appeals the September 14, 1999 Judgment Entry entered by the Delaware County Court of Common Pleas which granted summary judgment in favor of defendant-appellee El Siesta Hotel (hereinafter "El Siesta").
 STATEMENT OF THE FACTS AND CASE
On November 8, 1998, appellant filed a complaint in the Delaware County Court of Common Pleas, naming El Siesta as the defendant and asserting claims for discrimination, retaliation, and breach of settlement agreement. Pursuant to the trial court's Scheduling Conference Entry, El Siesta filed a Motion for Summary Judgment on July 16, 1999. Appellant filed a Memorandum Contra on July 26, 1999, and El Siesta filed a Reply Brief on August 3, 1999. Via Judgment Entry filed September 14, 1999, the trial court granted summary judgment in favor of El Siesta on all of appellant's claims. The following facts were elicited from the parties' motions for and contra summary judgment and the documentary evidence attached thereto. In September, 1994, appellant fell off a roof, fracturing his left ankle. Appellant has suffered pain in his left ankle, has had to wear a cast on the ankle at various times, and has undergone surgeries to repair the ankle as a result. On August 1, 1995, appellant and his roommate checked into El Siesta Hotel in Delaware, Ohio. At that time, appellant paid in full the rent for the week of August 1-7, 1995. Appellant and his roommate stayed in room 6 their first evening at El Siesta. However, on August 2, 1995, they moved into room 12, where they resided until their departure. Appellant subsequently informed El Siesta's manager, Cathy Rush, of his intention to stay at the hotel the following week, August 8-15. At that time, appellant paid $60 of the $125 weekly rental fee. Appellant never paid the balance of the weekly rental fee for the week of August 8-15. On August 15, 1995, appellant informed management of his intention to become a day-to-day tenant. Appellant also did not pay the daily rental fee of $24 for August 15 or 16, 1995. As a result of appellant's failure to pay rent, management asked appellant and his roommate to leave the establishment. During his stay at the hotel, appellant wore a mid-calf cast on his left leg and used crutches to aid him in walking. According to appellant, he complained to the management of El Siesta regarding the lack of handicapped accommodations, such as phone service and parking. El Siesta concedes the hotel did not provide handicap parking at the time of appellant's stay. However, El Siesta submits appellant never complained to management about the fact his room was not handicapped accessible, about the lack of handicap parking, or about the lack of in-room telephone service. While residing at El Siesta, neither appellant nor his roommate possessed an automobile, and appellant made all of his telephone calls from a payphone located in an adjacent parking lot, approximately 60 feet from the hotel. On or about February 15, 1996, appellant filed a charge affidavit with the Ohio Civil Rights Commission (hereinafter "OCRC"), alleging he was denied public accommodation due to his disability, mobility impairment. El Siesta and appellant eventually executed a negotiated settlement agreement. Pursuant to this negotiation, El Siesta agreed to provide parking designated for disabled persons in conformity with the requirements of the American with Disabilities Act Accessibility Guidelines. In exchange, appellant agreed not to initiate a lawsuit relating to the claims asserted in the OCRC charge affidavit. When appellant returned to El Siesta to visit friends subsequent to the negotiated settlement agreement, he observed the hotel had not designated parking for handicapped persons. El Siesta, on the other hand, maintains it has complied with all the terms of the negotiated settlement agreement and has received documents from OCRC dated September 23, 1996, and September 26, 1996, evidencing said compliance. Appellant's observation of El Siesta's lack of compliance lead to the filing of the instant action. It is from the trial court's September 14, 1999 Judgment Entry appellant appeals, raising as his sole assignment of error:
THE COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS BY GRANTING SUMMARY JUDGMENT WHERE GENUINE ISSUES OF MATERIAL FACT EXIST AND DEFENDANT-APPELLEE IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
Any other facts relevant to our discussion of appellant's assignment of error shall be contained therein.
 STANDARD OF REVIEW
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based upon this standard we review appellant's assignment of error. I In his sole assignment of error, appellant maintains the trial court erred in granting summary judgment in favor of El Siesta. The trial court determined El Siesta was entitled to judgment as a matter of law and granted its motion for summary judgment on all three of appellant's claims. With respect to appellant's discrimination claim, the trial court found appellant was barred by the parties' negotiated settlement agreement from initiating a lawsuit based upon the charges filed with OCRC. Relative to appellant's retaliation claim, the trial court found appellant could not establish a prima facia case of retaliation because the alleged retaliatory conduct (El Siesta's demand appellant leave the establishment) did not follow sufficiently close in time with appellant's engaging in a protected activity (appellant's filing charges with OCRC) to warrant an inference of a retaliatory motive. As to appellant's claim El Siesta breached the negotiated settlement agreement, the trial court found appellant failed to demonstrate damages arising from the alleged breach. We shall address each claim in turn. For clarity purposes, we shall address the breach of the negotiated settlement agreement claim first. To successfully prosecute a breach of contract claim, a plaintiff must present evidence of the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff. Doner v. Snapp (1994), 98 Ohio App.3d 597, 600 (Citations omitted). As stated supra, the trial court granted El Siesta summary judgment on the breach claim based upon appellant's failure to establish damages resulting from the alleged breach. In his Brief to this Court, appellant notes, "this issue was not raised by El Siesta in their Motion for Summary Judgment." Brief of Appellant at 11. Appellant continues, "because the issue of damages from the breach of the settlement agreement was not properly brought pursuant to Civ.R. 56, the trial court erred in granting El Siesta's Motion for Summary Judgment." Id. Upon review of El Siesta's motion for summary judgment, we find appellant's assertion to be correct. El Siesta only argues it is entitled to summary judgment on the breach claim because appellant "cannot prove that [El Siesta] has breached the Ohio Civil Rights Commission Negotiated Settlement agreement." Motion for Summary Judgment at 10. In Vahila v. Hall, supra, the Ohio Supreme Court explained: [A] party moving for summary judgment has certain obligations that must be met. * * * the party seeking summary judgment "* * * bears the burden of affirmatively demonstrating that, with respect to every essential issue of each count in the complaint, there is not genuine issue of fact." (Citations omitted). The moving party bears this burden "* * * even with regard to issues on which plaintiffs * * * would have the burden of proof should the case go to trial." (Citations omitted).
The requirement that a party seeking summary judgment disclose the basis for the motion and support the motion with evidence is well founded in Ohio Law. "The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." (Citations omitted). Reading [this] requirement * * * in conjunction with Civ.R. 56 and 7(B)(1), it can readily be seen that the moving party must state specifically which area of the opponent's claim raise no genuine issue of material fact and such assertion may be supported by affidavits or otherwise as allowed by Civ.R. 56(C).
 It should be noted that placing the above-mentioned requirements on the moving party does not mean the non-moving party bears no burden. Requiring that the moving party provide specific reasons and evidence gives rise to a reciprocal burden of specificity for the non-moving party. (Footnote omitted in original).
Id. at 428-429.
A non-moving party is required to produce evidence only on those issues upon which the moving party has sustained his or her initial burden. Because El Siesta failed to raise the issue of damages, we find appellant did not have the reciprocal burden of demonstrating there is a genuine issue of material fact relative to that element. With respect to the element of breach, we find a genuine issue of material fact exists as to whether El Siesta complied with the terms of the negotiated settlement agreement. In support of its motion for summary judgment, El Siesta submits the affidavit of Fu Ih Chu, the owner of the hotel, in which Chu avers El Siesta has designated a parking space specifically for handicapped persons since the agreement was executed. Chu references two documents received by El Siesta from OCRC which El Siesta claims evidence the facility's compliance with the terms of the negotiated settlement agreement. The two documents are attached to Chu's affidavit. Upon a careful review of the documents, we find these documents do not establish OCRC found El Siesta in compliance with the terms of the agreement, but rather the documents memorialize the nature and terms of the agreement. Assuming, arguendo, these documents establish El Siesta has complied with the agreement, we find the documents are hearsay and are not of the evidentiary quality contemplated in Civ.R. 56(E); therefore, the trial court should not have considered such evidence when ruling upon El Siesta's motion for summary judgment. Likewise, we cannot consider said documents in our review. In his Memorandum Contra, appellant states "he has walked past El Siesta Hotel on several occasions, and as late as April 8, 1999, El Siesta does not provide for such handicap parking." Plaintiff's Memorandum Contra at 8. Appellant references his deposition testimony in support of this assertion. In light of appellant's deposition testimony and El Siesta's failure to submit evidentiary quality material, we find reasonable minds could draw different conclusions as to whether El Siesta breached the negotiated settlement agreement. Turning to appellant's discrimination claim, we initially note El Siesta did not raise the settlement agreement as an affirmative defense to this claim, but only raised the issue relative to the breach of the negotiated settlement claim. However, we find such pleading was sufficient to raise the issue of whether appellant was barred by the agreement from initiating the underlying action. In order to establish a prima facia case of discrimination, a plaintiff must establish: 1) he has a disability; 2) the defendant discriminated against him; and 3) the discrimination was on the basis of the disability. Howe v. Hull (N.D.Ohio. 1994), 873 F. Supp. 72, 78
(Citation omitted). In their brief to this Court and in their motions for and contra summary judgment, the parties dispute whether appellant has a disability or handicap as defined in the relevant statutes. In its September 14, 1999 Judgment Entry, the trial court notes its belief "that a genuine issue of material fact exist as to whether (appellant) is disabled." September 14, 1999 Judgment Entry at 4. The trial court, however, determines it need not address the issue because the terms of the settlement agreement barred appellant from bringing a discrimination claim against El Siesta. Having determined supra, a genuine issue of material fact exist as to whether or not El Siesta breached the settlement agreement, we find the settlement agreement would not bar appellant's discrimination claim if the trier of fact finds El Siesta breached the agreement. Thus, whether appellant has a disability or handicap must be addressed to determine if summary judgment was appropriate. Like the trial court, we find a genuine issue of material fact exists as to whether appellant is disabled; therefore, we find summary judgment was inappropriate on this claim. We now turn to appellant's final cause of action, retaliation. To successfully prosecute this claim, a plaintiff must prove the elements of a prima facia case of retaliation: 1) the plaintiff was engaged in a protected activity; 2) the defendant knew of the plaintiff's participation in the protected activity; and 3) the alleged retaliatory action followed the plaintiff's participation in the protected activity sufficiently close in time to warrant an inference of retaliatory motivation. Neil v. Hamilton County (1993), 87 Ohio App.3d 670, 677-678. In its September 14, 1999 Judgment Entry, the trial court found appellant's filing charges with OCRC "clearly qualified as a protected activity." However, the trial court concludes El Siesta's alleged retaliatory conduct did not follow sufficiently close in time to warrant an inference of a retaliatory motive. The record reveals appellant was asked to leave El Siesta on August 16, 1995, but did not file OCRC charges until February 15, 1996. El Siesta presented evidence to show appellant was asked to leave the premises because he failed to pay rent. Appellant presented contrary evidence which demonstrated he was asked to leave El Siesta because management knew he was going to file OCRC charges. The trial court found this disputed fact to be immaterial. We do so find. If a plaintiff meets his burden of establishing a prima facia case of retaliation, a defendant must then articulate a legitimate, nondiscriminatory reason for its action and the plaintiff must then show that reason to be pretextual. Id. at 678. "On summary judgment, the need to order the presentation of proof is largely obviated, and a court may often dispense with strict attention to the burden-shifting framework, focusing instead on whether the evidence as a whole is sufficient to make out a jury question as to pretext and discriminatory animus." Fennell v. First Step Design, Ltd. (1st Cir. 1996), 83 F.3d 526, 535. As such, we must determine whether appellant has presented sufficient evidence to create such a jury question. Although El Siesta presented evidence to establish management asked appellant to leave the hotel because he failed to pay his rent, appellant presented evidence he was asked to leave only after he informed management of his intention to file charges. We find this evidence is sufficient to create a jury question as to pretext and discriminatory animus. Because a genuine issue of material fact exits, we find summary judgment was not proper on appellant's retaliation claim. Based upon the foregoing, appellant's sole assignment of error is sustained.
The judgment entry of the Delaware County Court of Common Pleas is reversed the matter remanded to the trial court for further proceedings consistent with this opinion and the law.
 _______________ Hoffman, P.J.
By: Hoffman, P.J. Wise, J. and Reader, V.J. concur (Retired from the Fifth Appellate District, Sitting by Supreme Court Assignment).